## Chicago City Railway Company v. Rena Burrell, Administratrix.

1. NEGLIGENCE—*Not Shown by the Evidence.*—The court holds that in this case the deceased either failed to exercise ordinary care or that his fall was occasioned by causes which the evidence did not disclose, and that negligence upon the part of the appellant was not shown.

Trespass on the Case.—Death from negligent act. Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1897. Reversed and judgment in this court. Opinion filed April 15, 1897.

### STATEMENT OF THE CASE.

On October 4, 1891, Louis Burrell was a waiter in the cafe of the Palmer House of this city. On the evening of that day, about 7:30 o'clock P. M., he left the cafe, where he had been working all day, and took passage on a car of the defendant at State and Adams streets, going in a southerly direction on State street. Burrell lived at that time at 2702 Dearborn street, Dearborn being the first street west of State street, and his home being a couple of doors south of Twenty-seventh and Dearborn streets, and he was proceeding upon his way homeward from his work.

He seated himself on the east side of the grip-car in the second seat from the rear, at a point slightly behind and to the left of the gripman of that car. As his car approached Twenty-seventh street he arose from his seat, passed toward the back of the grip, probably to get around the rear end of the grip, and get off on the west side of the grip at the south line of Twenty-seventh street, in order to proceed to his home.

The grip-car started to slacken up as it approached the north line of Twenty-seventh street, probably for the purpose of allowing Burrell to alight.

As Burrell was thus going around the rear end of the grip, in some manner not shown by the proof, he fell from

the south bound car.  He fell upon his back on the west rail of the east or north bound track of State street.  He moved after he fell, and then laid still with his head toward the southeast.  He moved his hand in some manner after he fell, but did not arise immediately, being apparently stunned by the fall.  The south-bound car stopped at the usual place to permit passengers to alight.

At the time he fell, a north-bound grip train was approaching Twenty-seventh street.  It was going at the rate of ten miles an hour, being the usual speed of a grip train, and when Burrell fell was at a distance variously estimated at from fifteen to one hundred feet from the point where he fell. Burrell fell at a point from ten to twenty feet south of the south line of Twenty-seventh street.

The gripman in charge of this train did not see Burrell until he struck the tracks in front of the north-bound car. The south-bound car stopped almost immediately after Burrell fell.  Some persons on the north-bound car screamed, and the gripman, seeing Burrell, applied his brakes and released the cable, and finally brought the north-bound train to a stop as soon as possible.

Before this had transpired, however, the grip-car had struck Burrell as he lay at the point from ten to twenty feet south of the south line of Twenty-seventh street, and dragged him from where he lay almost to the north line of Twenty-seventh street, a distance estimated at from thirty to fifty feet.  On the northeast corner of Twenty-seventh and State streets was a lamp post.  The grip was lifted up, Burrell was taken from underneath, and he was carried to this lamp post, and set up against it.  He was still conscious, was able to tell his name and where he lived.  His clothes were bloody, and he was covered with mud and dirt.  He had been caught under the fender of the car and dragged along the track.  He was taken home in the patrol wagon, and died from his injuries the following morning.

Darrow, Thomas & Thompson, attorneys for appellant.

J. Warren Pease, attorney for appellee; W. S. Elliott, Jr., of counsel.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

There was no negligence on the part of the managers of the south-bound train upon which the deceased was a passenger, and from which he fell. Nor did it appear that the gripman upon the north-bound train was negligent. He testified that he did not see the deceased until he struck the tracks in front of the car; that he then made every effort to stop his train, there is no dispute.

Whether the gripman upon the north-bound train saw the deceased as soon as he fell is immaterial. There is no evidence that this gripman was in any respect negligent, inattentive or heedless. He had no reason to expect that the deceased was about to fall or jump in front of the train; and while the deceased was at no time a trespasser, yet his sudden appearance upon the track created the duty only of using such care as was possible from such moment.

The deceased either failed to exercise ordinary care, or his fall was occassioned by causes which the evidence does not disclose. However this may be, negligence upon the part of appellant was not shown.

The jury should, as was requested, have been instructed to find for the defendant.

The judgment of the Circuit Court is reversed, and a judgment for the defendant will be here entered upon a finding of facts.

Reversed, and judgment for defendant here.